TIMOTHY J. LONG (SBN 137591) - tjlong@orrick.com
TINA M. TRAN (SBN 186529) - ttran@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

Attorneys for Defendant
HALLMARK MARKETING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE INGALLS, suing individually and on behalf of all others similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware corporation, and defendants DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br>NIKKI FUZELL, an individual, on behalf of herself, all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware corporation with its principal place of business in the State of Missouri,<br>        Defendants.<br><br>BEVERLY WEAVER et al., Plaintiffs,<br>    v.<br>HALLMARK MARKETING CORP.,<br>        Defendants. | No.: CV08-04342 VBF (Ex) c/w<br>No.: CV08-05330 VBF (FFMx)<br>AND<br>No.: CV08-07481 VBF (Ex)<br><br>CLASS/COLLECTIVE ACTION<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

OHS West:260580308.1

## **PROTECTIVE ORDER**

Good cause appearing, the Court hereby approves and enters this Protective Order relating to discovery, use and disclosure in this action of confidential, proprietary, or trade secret information or materials.

WHEREAS the parties anticipate that discovery in this action may result in the disclosure of certain confidential, proprietary, and/or trade secret material;

WHEREAS the disclosure of such information may harm the parties and may place them at a competitive disadvantage with respect to competitors;

WHEREAS the parties anticipate that the public interest in obtaining certain information may be minimal to nonexistent;

WHEREAS the parties' interest in protecting this information may be significant and may outweigh the public's need to obtain such information;

WHEREAS the parties wish to establish a method for disclosure in order to secure the just, speedy, and inexpensive determination of this action that is contemplated by the Federal Rules of Civil Procedure; and,

WHEREAS, the parties wish to prevent the public disclosure of any aforementioned confidential information, by controlling the distribution of, access to and use of such information and materials;

IT IS HEREBY STIPULATED AND AGREED by and among the parties, through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action that, in order to preserve the confidentiality of information produced by either party and to facilitate the exchange of information, the present Stipulation and [Proposed] Protective Order (the "Protective Order") shall govern this action.

**1.     Recitals.**

(a)     Litigation, preparation and trial of this action may require the discovery of certain information, business records and other materials that a party may assert contains or constitutes confidential or proprietary information or

materials ("Confidential Information").  Discovery in this action may call for the production of such Confidential Information.

(b)     Public dissemination of Confidential Information could seriously harm the parties' business and commercial interests and the public interest.

(c)     Disclosure of Confidential Information to persons designated in this Stipulated Protective Order may be necessary to enable the parties fairly to prepare for litigation and trial of this matter.

(d)     The Court enters this Protective Order so that the parties may litigate this action without jeopardizing their business and commercial interests, and the public's interest, in the confidentiality of Confidential Information, in order to protect against unauthorized disclosure of such information, and to ensure that such information will be used solely in the context of motion practice, the preparation for trial and/or trial of this action and shall not be used at any time for any other purpose whatsoever.

**2.     Scope of Protective Order.**

(a)     All information produced in discovery by either party shall be used solely for the purposes of this litigation.

(b)     The protections of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "material") produced or created in this action that contain Confidential Information, or information that the producing party is required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials. Said materials may be designated "Confidential" or "Highly Confidential."  A party will only make these designations as to information or material that the party in good faith reasonably believes contains Confidential Information.

**3.     Disclosure of Confidential Materials.**

(a)     Materials designated "Confidential" or "Highly Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order.  Materials designated "Confidential" or "Highly Confidential" shall be used solely in the context of motion practice, for the preparation of trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever.

(b)     Material designated as "Confidential" by any producing party may be disclosed only to:

(i)     The Court, its secretaries, clerks and law clerks;

(ii)    Attorneys in a law firm involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants, agents and other staff actively involved in assisting in this litigation;

(iii)   In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegal and legal assistants;

(iv)    Officers, employees and/or agents of the parties assisting counsel in the preparation of the case for motion practice, for the purpose of trying this action or engaging in appellate proceedings, provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v)     Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts") subject to paragraph 3(c).

(vi)    Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons have previously seen or would have seen the Confidential Information in

- 3 -

the normal course of their employment.  Such persons may only be exposed to such Confidential Information if they are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in materials designated as "Confidential";

(vii)   Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(viii) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

(ix)    Parties to this action who are natural persons, including putative class and collective action members;

(x)    Individuals present in the Courtroom during the trial of this matter, if so ordered by this Court; and,

(xi)    Any other person as to whom the parties in writing agree.

(c)    Disclosure to experts or consultants pursuant to Paragraph 3(b)(v) is subject to the following conditions:

(i)    Any expert to whom Confidential Information is given, shown, disclosed, or made available shall sign a copy of an affidavit (in the form provided in Exhibit A to this Stipulation and Protective Order).  It shall be the burden and responsibility of counsel for the party who is utilizing the expert or consultant's services to ensure that such expert or consultant signs Exhibit A prior to the disclosure of any Confidential Information;

(ii)    Counsel for the party utilizing the expert or consultant shall produce the affidavit to counsel for the party designating the Confidential Information within five (5) business days of the date on which the

- 4 -

1    expert is designated or, if the individual is not designated as an expert, within 15

2    days of the conclusion of the litigation.

3

4          **4.      Disclosure of Highly Confidential Materials.**

5          Disclosure of information, documents or other material designated "Highly

6    Confidential" may be made only to the same extent as permitted in sub-paragraphs

7    3(b)(i), (ii), (iii), (v), (vii), (viii), (x) and (xi), or during the deposition of a deponent

8    who is a current or former employee or officer of the designating party or an FRCP

9    30(b)(6) designee thereof, so long as said deponent is not a current or former

10   "Retail Merchandiser," and subject to the same requirements and limitations set

11   forth in paragraph 3(c), including the requirement of executing a non-disclosure

12   agreement in the form annexed hereto as Exhibit A prior to disclosure. "Highly

13   Confidential" material may not be disclosed to or used by persons identified in

14   subparagraphs 3(b)(iv), (vi) or 3(b)(ix) without the prior written consent of the

15   designating party which shall not be unreasonably withheld. Failure to provide

16   consent or non-consent within five (5) business days shall be deemed to constitute

17   consent.

18         **5.      Designation of Materials as "Confidential" or "Highly**

19                **Confidential."**

20         (a)    "Confidential" materials shall include only such information as the

21   designating party in good faith contends should be protected pursuant to this

22   Protective Order on the grounds that the information constitutes confidential or

23   proprietary information, the disclosure of which, other than under the terms of this

24   Protective Order, may cause harm to the public or to the commercial or business

25   interests of the designating party. "Highly Confidential" materials include

26   information that is proprietary information or a trade secret of the designating party,

27   the disclosure of which, other than under the terms of this Protective Order, could

28   place the designating party at a competitive disadvantage in its field or could impair

1   the value of the Highly Confidential material being designated. As part of the
2   "good faith" designation requirement, the parties will not "blanket" designate all
3   items produced or otherwise uncovered in the course of discovery as "Confidential"
4   or "Highly Confidential."

5       (b)   In making designations pursuant to this Protective Order, California
6   law shall govern.

7       (c)   The protection of this Protective Order may be invoked with respect to
8   any covered material in the following manner:

9       (i)   With respect to documents, the copy of the document when produced
10  shall bear the clear and legible designation "Confidential" or "Highly Confidential"
11  respectively on each page of the document;

12      (ii)   With respect to discovery requests or the responses thereto, the pages
13  of such requests or responses containing "Confidential" or "Highly Confidential"
14  materials shall be so marked, and the first page of the requests or responses shall
15  bear a legend substantially stating that "This Document Contains Confidential [or
16  Highly Confidential] Material";

17      (iii)   With respect to any deposition, Confidential or Highly Confidential
18  treatment may be invoked by: (1) declaring the same on the record at the deposition
19  with instructions to so designate the cover of the deposition transcript, or (2)
20  designating specific pages as "Confidential" or "Highly Confidential" and serving
21  such designations within seven (7) days of receipt of the transcript of the deposition
22  in which the designations are made. If such a large portion of a deposition is
23  deemed Confidential or Highly Confidential by a designating party as to render the
24  remaining transcript relatively minor, the designating party may designate the entire
25  transcript Confidential or Highly Confidential rather than only a portion thereof.

26      (d)   If a party inadvertently produces or discloses any "Confidential" or
27  "Highly Confidential" material without marking it with appropriate legend, it may
28  give notice to the receiving party that the information should be treated in

- 6 -

1    accordance with the terms of this Order, and shall forward appropriately stamped
2    copies of the items in question.  Within five (5) days of the receipt of substitute
3    copies, the receiving party shall return the previously unmarked items and all copies
4    thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality,
5    and such designations may be made as soon as possible after the discovery of the
6    inadvertent production or disclosure.  The non-designating party may challenge this
7    designation as set forth in paragraph 10 of this Protective Order.

8         **6.    Filing and Serving of Court Papers.**

9         (a)    No "Confidential" or "Highly Confidential" materials shall be filed in
10   the public record of this action.  All material so designated in accordance with the
11   terms of this Protective Order, and any pleadings, motions, or other papers filed
12   with the Court disclosing any such material, shall be filed in accordance with Local
13   Rule 79-5 in a sealed envelope or other container marked with the title of the
14   litigation, an identification of the contents, and a statement substantially in the
15   following form:

16        CONFIDENTIAL [or HIGHLY CONFIDENTIAL] – FILED UNDER SEAL
17        By Order of the United States District Court, Central District of California,
18   this envelope is not to be opened and its contents are not to be displayed or revealed
19   except by further Order of this Court.

20        All papers so filed shall be kept under seal by the Clerk of the Court until
21   further Order of the Court.  Where possible, only "Confidential" or "Highly
22   Confidential" portions of filings with the Court shall be filed under seal.  In the
23   event that a party filed with the Court Confidential materials that are not under seal
24   as provided above, any party may, in writing, request that the Clerk place such
25   materials under seal.

26        (b)    All pleadings and other Court filings that contain "Confidential" or
27   "Highly Confidential" materials shall include on the first page of such document,

28

1   and all copies thereof, a statement substantially to the effect that "This Document

2   Contains Confidential [or Highly Confidential] Materials."

3       **7.    Use in Court Proceedings.**

4       Nothing contained in this Protective Order shall be construed to prejudice

5   any party's right to use at trial or in any open hearing before the Court any

6   "Confidential" or "Highly Confidential" material, provided that reasonable notice

7   of the intended use of such material shall be given to all counsel of record in order

8   to enable the parties to arrange for appropriate safeguards.

9       **8.    Handling and Disposition of Materials at Conclusion of Case.**

10      All material designated "Confidential" or "Highly Confidential" shall remain

11  in the possession of the counsel of record to whom such material is produced, and

12  they shall not permit any such material to leave their possession, except that copies

13  of such materials may be made for the use of those assisting counsel to whom

14  disclosure may be made under paragraph 3, and copies may be submitted to the

15  Court under seal as necessary.  Within sixty (60) days after such time as this action

16  is concluded, whether by a final adjudication on the merits from which there is no

17  right of appeal, or by other means, each party to whom "Confidential" material was

18  produced shall, at the election of the party receiving the materials, either: (1) return

19  all documents and copies containing "Confidential" materials (including but not

20  limited to copies in the possession or control of any expert or employee) to the

21  party who produced them, or (2) promptly destroy all such materials, and shall

22  provide written certification under oath to the producing party to that effect.

23      **9.    Reservation of Rights.**

24      By designating any material "Confidential" or "Highly Confidential," the

25  parties do not acknowledge that any such material is relevant or discoverable in this

26  action.  This Protective Order shall not be construed as limiting in any way the right

27  of any party to challenge a party's designation of any material "Confidential" or

28  "Highly Confidential."  This Protective Order shall not constitute a waiver of any

- 8 -

OHS
West:260580308

PROTECTIVE ORDER

1  right to seek discovery of, or alternatively to resist discovery of, any material in this

2  action.  Designation of material as "Confidential" or "Highly Confidential"

3  pursuant to this Protective Order does not in any way restrict or adversely affect the

4  designating party's use or disclosure of such documents.

5       **10.    Challenge to Designation.**

6       A party (or aggrieved or otherwise interested entity permitted by the Court to

7  intervene for such purposes) may apply to the Court or bring a motion for a ruling

8  that any material (or category of material) or testimony designated as

9  "Confidential" or "Highly Confidential" is not entitled to such status and

10  protection.  The designating party shall be given notice of the application and an

11  opportunity to respond.

12       Before bringing any such motion or application, the party (or aggrieved or

13  otherwise interested entity that will seek to intervene for such purposes) believing

14  material designated as "Confidential" or "Highly Confidential" is otherwise not

15  entitled to such designation shall advise the designating party of that belief in

16  writing, provide a brief statement of the basis for that belief with service on all

17  other parties, and allow five (5) business days for the designating party to respond.

18  If the designating party does not modify its designation of the material, the

19  provisions of this Protective Order shall continue to apply unless modified by the

20  Court upon motion or application by any party.

21       **11.    Modification.**

22       Nothing in this Protective Order shall preclude any party from applying to

23  the Court to modify this Protective Order, whether it be to augment or decrease the

24  safeguards contained herein, after 10 days prior written notice to the other parties.

25  //

26  //

27  //

28  //

1    **12.    Retention of Jurisdiction.**

2    The Court shall retain jurisdiction over all persons to be bound by the terms

3    of this Protective Order, during the pendency of this action and for such time

4    thereafter as is needed to carry out the terms of this Protective Order.

5    IT IS SO ORDERED.

6

7    Dated:   _1 / 13_____, 2009

8

9    _____

10   ~~VALERIE BAKER FAIRBANK~~
     ~~United States District Judge~~

11   Charles F. Eick
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

1

## **EXHIBIT A**

2

3

### UNITED STATES DISTRICT COURT

4

### CENTRAL DISTRICT OF CALIFORNIA

5

6

| | |
|---|---|
| ROCHELLE INGALLS, suing individually and on behalf of all others similarly situated persons, | Case No.: CV08-04342 VBF (Ex) |
| | CLASS/COLLECTIVE ACTION |
| Plaintiffs, | EXHIBIT A TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| HALLMARK MARKETING CORPORATION, a Delaware Corporation, and defendants DOES 1 through 10, inclusive, | |
| Defendants. | |

7
8
9
10
11
12
13
14
15

16    I declare under penalty of perjury under the laws of the State of California

17 that I have read in its entirety the Stipulation and [Proposed] Protective Order in the

18 above-referenced lawsuit, and agree to adhere to and be bound by its terms.  I

19 hereby consent to be subject to the jurisdiction of the above-captioned court with

20 respect to any proceedings relating to enforcement of the Protective Order,

21 including any proceeding relating to contempt of court.

22 Dated this _____ day of _____, 200_____, at _____, California.

23
24 _____
                Signature
25 Printed Name: _____   Affiliation: _____

26 Business Address: _____

27 Home Address: _____
28

OHS
West:260580308                                                    PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I, Maggie St. Germain, declare:

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on January 13, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

R, Rex Parris, Esq.
Jason P. Fowler, Esq.
Alexander R. Wheeler, Esq.
R. Rex Parris Law Firm
42220 – 10th Street West
Suite 109
Lancaster, CA 93534

Attorneys for Rochelle Ingalls

Chandra Holmes Ray
John P. Zelbst
Zelbst, Holmes & Butler
P. O. Box 365
Lawton, OK 73502

Attorneys for Rochelle Ingalls

Laureen Bagley
John D. Sloan, Jr.
Sloan, Bagley, Hatcher & Perry
P. O. Box Drawer 2909
Longview, Texas

Attorneys for Rochelle Ingalls

James E. Wren, Esq.
One Bear Place #97288
Waco, TX 76798

Attorneys for Rochelle Ingalls

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 13, 2009, at Los Angeles, California.

/s/ Maggie St. Germain
Maggie St. Germain

OHS West:260539405.1                     -1-                     PROOF OF SERVICE

1

## PROOF OF MANUAL SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3           I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 years and not a party to the within action.  My business address is
4 Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los
Angeles, California 90017.
5
            On January 13, 2009, I served the foregoing document described as:
6 STIPULATION AND [PROPOSED] PROTECTIVE ORDER

7
on the following parties to this action by placing a true copy thereof enclosed in a
8 sealed envelope addressed as follows:

9           **Chandra Holmes Ray**
            **Zelbst Holmes & Butler**
10          **PO Box 365**
            **Lawton, OK  83501**
11
            **Attorneys for Rochelle Ingalls**
12

13 ☑         (BY MAIL) I placed the sealed envelope(s) for collection and mailing by
            following the ordinary business practices of Orrick, Herrington & Sutcliffe
14          LLP, Los Angeles, California.  I am readily familiar with Orrick, Herrington
            & Sutcliffe LLP's practice for collecting and processing of correspondence
15          for mailing with the United States Postal Service, said practice being that, in
            the ordinary course of business, correspondence with postage fully prepaid is
16          deposited with the United States Postal Service the same day as it is placed
            for collection.
17
            I declare that I am employed in the office of a member of the bar of this
18 Court at whose direction the service was made.

19          I hereby certify under the penalty of perjury that the foregoing is true and
correct.
20
            Executed on January 13, 2009, at Los Angeles, California.
21

22
                                        _____
23                                      Maggie St. Germain

24

25

26

27

28

1

## PROOF OF SERVICE

2          I, Maggie St. Germain, declare:

3          I am more than eighteen years old and not a party to this action. My
business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street,
4    Suite 3200, Los Angeles, California 90017-5855.

5          I hereby certify that on January 13, 2009, I electronically filed the
following documents with the Clerk of the Court using the CM/ECF system which
6    will send notification of such filing to the parties listed below:

7    **STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

8
          **David R. Markham**
9          **R. Craig Clark**
          **James M. Treglio**
10         **CLARK & MARKHAM LLP**
          **600 B Street, Suite 2130**
11         **San Diego, CA 92101**

12   Attorneys for Nikki Fuzell

13
          **Walter Haines, Esq.**
14         **UNITED EMPLOYEES**
          **LAW GROUP**
15         **65 Pine Avenue, #312**
          **Long Beach, CA 90802**
16
17   Attorneys for Nikki Fuzell

18         I declare under penalty of perjury that the foregoing is true and correct
and that I am employed in the office of a member of the bar of this court at whose
19   direction the service was made.

20         Executed on January 13, 2009, at Los Angeles, California.

21

22
                              /s/ Maggie St. Germain
23                            Maggie St. Germain

24

25

26

27

28