UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE INGALLS, suing individually and on behalf of all other similarly situated persons,<br><br>v.<br><br>HALLMARK RETAIL, INC., a Missouri Corporation, HALLMARK CARDS, INC., a Missouri Corporation, and defendant DOES 1 through 200, inclusive,<br>_____<br>NIKKI FUZELL, in individual, on behalf of herself, and all others similarly situated,<br><br>v.<br><br>HALLMARK MARKETING CORPORATION, a Delaware corporation with its principal place of business in the State of Missouri,<br>_____<br>BEVERLY WEAVER, individually and on behalf of all current and former employees of HALLMARK, | Case No.: CV08-04342 VBF (Ex)<br>            CV08-05330 VBF (EFMx)<br>            CV08-07481 VBF (Ex)<br><br>CLASS/COLLECTIVE ACTION<br><br>**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**<br><br>Date:       October 16, 2009<br>Time:      3:00 p.m.<br>Judge:    Hon. Valerie Baker Fairbank |

| | |
|---|---|
| v. | ) |
| | ) |
| HALLMARK MARKETING | ) |
| CORPORATION, a Corporation | ) |
| conducting business in California; and | ) |
| DOES 1 through 10, inclusive. | ) |
| | ) |
| | ) |

The parties have submitted their Settlement Agreement and Joint Stipulation evidencing their proposed settlement (the "Settlement"), which this Court preliminarily approved in its May 18, 2009 Order. In accordance with the preliminary approval order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, the motion for final approval of the settlement of this class action and an award of Plaintiffs' attorneys' fee and reimbursement of expenses and for incentive awards, and considered the argument received by the Court at the final approval hearing on October 16, 2009, the Court grants final approval to the Settlement, and HEREBY ENTERS FINAL JUDGMENT as follows:

1. The Class covered by this Order is defined as: all non-exempt, hourly employees, employed by Hallmark Marketing Corporation in the State of California between July 1, 2004, and May 21, 2009, including but not limited to those in the positions of Retail Merchandisers, Territory Assistants, Installation Leaders, Administrative Assistants, and Casual Laborers.

2. Pursuant to this Court's order of May 21, 2009, a Notice of Class Action Settlement, Claim Form, and Exclusion Form were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or

by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members have filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing. Nine persons have opted out of the settlement, whose identities are in the records of the Administrator. These nine persons are therefore not in the Settlement Class.

       3.      The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

       4.      For the reasons stated in the Court's May 21, 2009 preliminary approval order, and for the reasons set forth by the parties in the final approval motion, the Court finds and determines that the Settlement Class meets all of the legal requirements for class certification, including (i) the Settlement Class is sufficiently numerous making joiner of all members impracticable; (ii) there are questions of law and fact common to the class members, which questions predominate over individual issues, and the class action procedure is superior to individual lawsuits; (iii) the claims of the representative plaintiffs are typical of those of the class members; and (iv) the representative plaintiffs have fairly and adequately represented the Settlement Class. It is further ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

       5.      The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and to each Class Member. Specifically, the Court finds that the complexity of the issues in this case support approval of the Settlement, including without limitation issues of

3

Case No.: CV08-04342 VBF (Ex); CV08-05330 VBF (EFMx);  CV08-07481 VBF (Ex)
[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

fact and law concerning certification, liability, and quantification of damages and restitutionary relief sought. Therefore, the Court determines that the Class Members who have not opted out shall be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds that the Claims Administrator, Rust Consulting, has fully complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. 1715 (b).

7. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members out of the $5,625,000 Maximum Settlement Amount in accordance with the terms of the Settlement.

8. In accordance with the separate Order entered contemporaneously herewith granting the application of Class Counsel for an award of attorneys' fees, costs, and for plaintiffs' incentive awards, the Court hereby grants and approves the application presented by Plaintiffs' Attorneys for an award of fees in the amount of $1,875,000 and costs of $54,528.85 to be paid out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

9. The Court further grants and approves the application presented by the Plaintiffs for an award of an enhancement in the amount of $10,000.00 to the Class Representatives Rochelle Ingalls, Nikki Fuzell, and Beverly Weaver, and for the three Conditional Class Certification Declarants, Sandy Ripp, Carol White, and Vanessa Yanez, in the amounts of $10,000 each, to be paid out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

10. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

11. Pursuant to the Settlement, all Class Members (except for those who have requested exclusion) are adjudged to have released Defendant and its former and present parents, subsidiaries, and affiliated corporations and entities, and each of its respective officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Complaint in relation to the alleged claims relating to the release as set forth in the Settlement.

12. All Class Members (except for those who have requested exclusion) are permanently barred from prosecuting against Defendant, and its former and present parents, subsidiaries, and affiliated corporations and entities, and each of its respective officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, any individual or class claims that were released as set forth in the Settlement.

13. Pursuant to the Settlement, Plaintiffs Rochelle Ingalls, Beverly Weaver and Nikki Fuzell, and Declarants Sandy Ripp, Carol White, and Vanessa Yanez, are conclusively deemed to have released all claims against the Released Parties as described in the Settlement.

14. The parties are hereby ordered to comply with the terms of the Settlement.

15. This action, and the claims alleged in the Complaint filed in the Action is hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

16. This Court hereby enters final judgment in this case, and dismisses it with prejudice, in accordance with the terms of the Settlement Agreement and Joint Stipulation ("Settlement"), Order Granting Preliminary Approval, and this Final Judgment Granting Approval of Class Action Settlement.

5

Case No.: CV08-04342 VBF (Ex); CV08-05330 VBF (EFMx); CV08-07481 VBF (Ex)
[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

17.     Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the Class, and the Defendant for the purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement, and all orders and judgments entered in connection therewith.

IT IS SO ADJUDGED AND ORDERED.

Dated:  10-16-09        _____Valerie Baker Fairbank_____

The Honorable Valerie Baker Fairbank

Judge of the United States District Court